IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

_____

| | |
|---|---|
| **STEPHEN POINDEXTER,** | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. |
| | ) |
| | ) |
| **OFFICERS A. ANTOIAZZI, STAR #13961,** | ) |
| **B. MURPHY, STAR #6066, and OTHER** | ) |
| **UNKNOWN CHICAGO POLICE** | ) |
| **OFFICERS and THE CITY OF CHICAGO,** | ) |
| Defendants. | ) |

**FILED**
**FEBRUARY 13, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**PH**

**08 C 916**

**JUDGE HIBBLER**
**MAGISTRATE JUDGE BROWN**

_____

## COMPLAINT

### COUNT I - FALSE ARREST

### JURISDICTION AND VENUE

1. This Court has jurisdiction based on 28 U.S.C. §§1331 and 1343(a) because the case raises federal constitutional issues.

2. The Court has supplementary jurisdiction over substantially related state claims based on 28 U.S.C. 1367(a).

3. This is an appropriate venue because all of the alleged acts occurred within the Northern District of Illinois and all of the parties reside within the Northern District of Illinois.

4. This action is brought pursuant to 42 U.S.C. §1983 for violations of Plaintiff's

constitutional rights under the Fourth Amendment as incorporated and applied to state governments through the Fourteenth Amendment to the United States Constitution.

## PARTIES

5. Plaintiff is a citizen of the United States and resident of Calumet City, Illinois.

6. Defendants Antoniazzi, Murphy, and unknown officers were on duty and acting under color of state law at all times relevant to this Complaint.

7. The City of Chicago is a municipality organized under the laws of the State of Illinois and it is the employer of Defendants Antoniazzi, Murphy, and unknown Chicago officers.

8. Defendants Antoniazzi, Murphy, and other Unknown Chicago Police Officers obtained a search warrant for the plaintiff and the address of 214 West 106th Place, Chicago, IL.

9. Plaintiff did not reside at 214 West 106th Place, Chicago, IL, in May of 2007.

10. 214 West 106th Place, Chicago, IL, was uninhabited in May, 2007.

11. 214 West 106th Place, Chicago, IL, was owned by one of plaintiffs family members in May, 2007.

12. Defendants Antoniazzi, Murphy, and other Unknown Chicago Police officers executed the search warrant for 214 West 106th Place, Chicago, IL, on May 2, 2007, at 11:51 p.m..

13. Plaintiff was not present when the defendants executed the search warrant on

May 2, 2007.

14. Plaintiff because aware that Chicago Police officers were looking for him after May 2, 2007.

15. In the company of his attorney plaintiff tuned himself in to Chicago police officers at the 111th Street police station on May 9, 2007.

16. Defendants never witnessed the plaintiff break any city, county, state, and/or federal law on either May 2 or May 9, 2007.

17. Defendants never witnessed the plaintiff at 214 West 106th Place, Chicago, IL, on May 2, 2007.

18. As a direct and proximate result of the unconstitutional conduct of the Defendant officers, Plaintiff suffered actual harm.

Wherefore, Plaintiff prays this Honorable Court award him actual and punitive damages as well as costs and reasonable attorneys fees against the defendants.

## COUNT II - STATE MALICIOUS PROSECUTION

_____1-18  Plaintiff re-alleges paragraphs 1-18 of Count I as paragraphs 1-18 of Count II.

19. Defendants wrote false and misleading police reports regarding the arrest of plaintiff, including but not limited to stating he

20. Defendants knew their false police reports would be relied on by superior officers and Assistant State's Attorneys to determine charges against the plaintiff.

21. Based on the defendant's false reports, plaintiff was charged under case number 07 CR 1532001.

22. On October 26, 2007, in case number 07 CR 1532001 the State's Attorney's office dismissed all of the charges contained therein.

23. Plaintiff is innocent of those charges.

WHEREFORE, Plaintiff prays this Court will award him actual and punitive damages as well as costs and reasonable attorney's fees against the defendants for his false arrest.

## COUNT III - STATUTORY INDEMNIFICATION

1-23. Plaintiff re-allege paragraphs 1-23 of Counts I and II as paragraphs 1-23 of Count III.

24. At all relevant times 745 ILCS 10/9-102 was in full force and effect.

23. The defendant officers were acting under color of state law and as employees of the City of Chicago.

WHEREFORE, Plaintiff prays the Court will award him actual damages and costs against the City of Chicago.

Respectfully Submitted,

_____
THOMAS PETERS
KEVIN PETERS

Attorneys for Plaintiff
407 S. Dearborn, Suite 1675
Chicago, Illinois 60605
312-697-0022